UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 00-4111

BRIAN KEITH PURCELL, a/k/a Arthur
David Draper, a/k/a Brian Keith
Powell,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-99-29-H)

Submitted: August 24, 2000

Decided: August 31, 2000

Before MICHAEL and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, Stephen C. Gor-
don, Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Banumathi Rangarajan,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brian Keith Purcell appeals his eighteen-month prison sentence imposed after he pled guilty to conspiracy to possess counterfeit checks in violation of 18 U.S.C. § 371 (1994), and possession of counterfeit checks and aiding and abetting the same in violation of 18 U.S.C. § 2 (1994), 18 U.S.C.A. § 513(a) (West 2000). He contends that the district court clearly erred in enhancing his base offense level by three levels under U.S. Sentencing Guidelines Manual § 3B1.1(b) (1998), for his role in the offense. We affirm.

Purcell asserts on appeal that there was no evidence supporting the district court's three-level adjustment. A three-level upward adjustment is warranted "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). Purcell "must have been the . . . manager[] or supervisor of one or more other participants." USSG § 3B1.1, comment. (n.2). "A `participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." Id., comment. (n.1).

Contrary to his assertion, the evidence presented at sentencing established, by a preponderance of the evidence, that Purcell was a manager or supervisor of at least one person in a criminal activity that involved five or more participants. See USSG 3B1.1(b) & comment. (nn.1-2). Purcell created and printed the counterfeit checks on his laptop computer, recruited Arthur Draper to participate in the scheme, and kept fifty percent of the proceeds of the successful transactions. The evidence also showed that the counterfeit check cashing scheme involved at least five participants--Purcell, Draper, Purcell's two co-defendants, Michael Goldsmith, and Kim Jones. We therefore find no clear error in the district court's application of a three-level adjustment for Purcell's role in the offense. See United States v. Lipford, 203 F.3d 259, 272 (4th Cir. 2000) (stating standard of review).

2

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3